```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA

            v.                          23 CR 091 (PKC)
                                           Arraignment

TREVOR THOMAS BICKFORD

               Defendant
------------------------------x
                                        New York, N.Y.
                                        February 23, 2023
                                        2:00 p.m.


Before:

                    HON. P. KEVIN CASTEL

                                        District Judge


                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
MATTHEW HELLMAN
     Assistant United States Attorney

FEDERAL DEFENDERS OF NEW YORK INC.
     Attorneys  for Defendant
MARISA K. CABRERA

JENNIFER BROWN

ALSO PRESENT: JACK AMARO, S.A. (FBI)
```

N2NQbicA

1              (In open court; case called)
2              DEPUTY CLERK:  For the government.
3              MR. HELLMAN:  Matthew Hellman for the United States.
4     Good afternoon.
5              THE COURT:  Good afternoon Mr. Hellman.
6              MR. HELLMAN:  Yes.  Thank you.  I'm joined at counsel
7     table by Special Agent Jack Amaro of the FBI.
8              THE COURT:  Thank you both.
9              For the defendant.
10             MS. CABRERA:  Good afternoon, Judge.  Marisa Cabrera
11    of Federal Defenders here with Jennifer Brown on behalf of
12    Mr. Bickford.
13             THE COURT:  All right.  Good afternoon to all of you.
14    And good to see you, Ms. Brown.
15             MS. BROWN:  Nice to see you too, your Honor.
16             THE COURT:  All right.  Ms. Cabrera, has the defendant
17    received, read and reviewed with you the indictment that has
18    been filed under 23 CR 091?
19             MS. CABRERA:  Yes, your Honor, and we waive public
20    reading.
21             THE COURT:  All right.  Mr. Bickford, how do you plead
22    to the charges in the indictment?  Guilty or not guilty.
23             THE DEFENDANT:  Not guilty, your Honor.
24             THE COURT:  I am going to provisionally enter a not
25    guilty plea.

1           Is that what you want, Ms. Cabrera?

2           MS. CABRERA:  Yes, your Honor.

3           THE COURT:  That is what I will do.

4           Let me hear from the government as to what the volume of discovery is and when you anticipate discovery being complete in this case.

7           MR. HELLMAN:  Thank you.

8           So we've discussed with defense counsel that we think discovery will be substantially, if not totally, complete in about 30 days.

11          For the Court's awareness, the government has proposed a version of a protective order to counsel.  We got that to counsel last night.  I understand they're reviewing it, and if there is agreement between the parties, that it will be submitted for the Court's review.  If not, the parties will make their positions on protective order known to the Court.

17          As soon as that is straightened out, we will be able to begin producing discovery, which is, you know, I would describe it as both voluminous and not.  The reason I say that is as follows:  This is a relatively contained universe of evidence related to an attack which allegedly occurred on January 1 of this year.

23          Because the government's investigation sort of surrounds that incident, there is a universe of evidence which does not reflect, for example, you know, several years of

1    investigation and that sort of thing.
2              The most voluminous part of the discovery to the
3    government's, you know, view at this point is the fact that
4    because the incident occurred around Times Square on New Year's
5    Eve, there were many law enforcement officers present,
6    including many members of the NYPD.  And I mention that in
7    particular because there are body-worn cameras used by members
8    of the NYPD, and 187 cameras recorded some aspect of the
9    incident or the events surrounding it.  The government is in
10   possession of all of those videos and will be producing them.
11             The good news is that my understanding the volume of
12   that data is roughly 40 gigabytes, which is not a lot for 187
13   individual videos, and my understanding is many of them are
14   actually quite brief.  The government is going to endeavor to
15   highlight which of those videos it believes are most relevant
16   to the incident itself and any videos which capture the
17   defendant versus videos which it views as being more ancillary.
18   I understand the defense will likely review them all.  In terms
19   of raw time spent reviewing discovery the government is going
20   to produce, that may be the most laborious part.
21             Discovery in this case otherwise consists of medical
22   records from the victims and from the defendant who was injured
23   during the incident, statements the defendant made that
24   evening, crime scene unit photos, physical evidence which was
25   recovered from the scene, such as the weapon which was

allegedly used, FBI records of investigation, including witness statements, which the government will be producing to the defense at the outset of the case, and the results of some cloud search warrants, email and the like.

The defendant's phone recovered during the incident is in the government's possession.  The government obtained a search warrant to search it.  It has not been able to yet crack the encryption, so that may come at a later time but the government does not have returns from that search right now.

Those are, I think, the principal categories of discovery that are going out to the defense that are in our possession at this time.

THE COURT:  When do you anticipate -- I know you have the protective order issue, which you've mentioned.  When do you anticipate relative to the protective order having discovery complete or substantially complete?  Is that about 30 days?

MR. HELLMAN:  Within 30 days.  Assuming we can agree on the protective order, we will be able to start producing most of the discovery next week.

THE COURT:  All right.  And, Ms. Cabrera, you are going to need time to review the materials?

MS. CABRERA:  Yes, your Honor.  I think our concern is certainly the number of body-worn camera.  While I understand that some might be brief, we still have to go through them all.

1           So our proposal right now is perhaps 30 days after the
2    discovery production to allow sufficient time, and if that
3    hasn't been sufficient time for us to get through everything,
4    then perhaps we can submit a letter to the Court in the future
5    asking for a bit more time, if possible.
6           THE COURT:  Would it be convenient to come back
7    April 20 at 11:00 a.m.?  And that would be the time for the
8    defense to advise whether there are any motions they wish to
9    make in this case, and I would then set a schedule on those
10   motions.
11          MS. CABRERA:  Yes, your Honor, that works.
12          THE COURT:  Does that work for the government?
13          MR. HELLMAN:  Certainly.
14          THE COURT:  Anything else from the defendant?
15          MS. CABRERA:  Not from the defense.  Thank you, Judge.
16          THE COURT:  Anything else from the government other
17   than your final application?
18          MR. HELLMAN:  Just that.
19          THE COURT:  All right.
20          MR. HELLMAN:  I move at this time to exclude time
21   under the Speedy Trial Act through April 20, 2023 at 11:00 a.m.
22   for the reasons discussed today.  The government intends to
23   produce somewhat voluminous discovery to counsel, allow counsel
24   to begin its review, determine any motions that would be
25   appropriate to make, and for the parties to engage in any

1  potential discussions regarding a pretrial resolution in this
2  case.
3           For all those reasons, I believe that the interests of
4  the defendant and the public in a speedy trial are outweighed
5  by the prerogatives I've outlined.
6           THE COURT:  Ms. Cabrera?
7           MS. CABRERA:  No objection, Judge.
8           THE COURT:  I find that the ends of justice will be
9  served by granting a continuance to April 20 and that the need
10 for a continuance outweighs the best interest of the public and
11 the defendant in a speedy trial.  The reasons for my finding
12 are that the time is needed to enable the government to consult
13 with defense counsel on a protective order, to present it to
14 the Court for signature, to assemble and produce the discovery
15 materials, for the defense to review the discovery materials
16 and be in a position to return on April 20 to advise the Court
17 whether there are any motions the defendant wishes to make in
18 the case.  And, accordingly, the time between today and
19 April 20 is excluded under the Speedy Trial Act.
20          There being nothing else, thank you very much.  We are
21 adjourned.
22          (Adjourned)
23
24
25